# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CR-78-TLS |
| | ) | |
| MARKELL PALMER-TATE | ) | |

**ORDER**

On July 21, 2017, Defendant Markell Palmer-Tate entered a plea of guilty [ECF No. 91] into the record. After a hearing, Magistrate Judge Susan L. Collins recommended [ECF No. 96] that the Court accept the Defendant's plea. The Court adopted [ECF No. 101] the Magistrate Judge's Report and Recommendation on August 18, 2017, and adjudged the Defendant guilty on the single Count of the Superseding Indictment [ECF No. 33], charging the Defendant with violation of 18 U.S.C. §§ 2113(a), (d), (e), and 18 U.S.C. § 2. The United States Probation Office (USPO) filed a Draft Presentence Investigation Report (PSR) [ECF No. 135] on November 13, 2017, to which no response was filed by counsel for the Defendant. On December 4, 2017, the USPO filed a Final PSR [ECF No. 142]. The Defendant, through counsel, filed a Notice of No Objection [ECF No. 150] to the Final PSR on December 29, 2017.

Subsequently, the Defendant filed two pro se Motions [ECF Nos. 160, 165] to withdraw his plea agreement based on ineffective assistance of counsel. During his plea negotiations, the Defendant was represented by Thomas N. O'Malley, who later withdrew from representation of the Defendant. The Court referred [ECF No. 172] the Motions to Magistrate Judge Susan L. Collins on February 14, 2018, to conduct any necessary hearings and to issue a report and recommendation that included proposed findings of fact and recommendations for the disposition of the Motions. The Defendant appeared with Court-appointed counsel Patrick J.

Arata on March 12, 2018, at a hearing before the Magistrate Judge [ECF No. 180]. Prior to the hearing, Attorney Arata filed a Motion to Withdraw from representation of the Defendant [ECF No. 167]. The Magistrate Judge took up the Motion regarding representation only after argument on the Defendant's Motions was concluded as the Defendant indicated he wanted counsel's assistance during that part of the proceeding. The Magistrate allowed Attorney Arata to withdraw, and Robert W. Gevers, who currently represents the Defendant, was subsequently appointed. On April 9, 2018, the Magistrate Judge issued a Report and Recommendation [ECF No. 195], recommending that the Court deny the Defendant's Motions to Withdraw Guilty Plea.

Pursuant to the Federal Magistrate's Act, Title 28 U.S.C. § 636(b)(1)(A)–(C), the Magistrate Judge does not have authority to issue a final order on this pending Motion to Withdraw Guilty Plea. Instead, the Magistrate Judge submits proposed findings of fact and recommendations to a district court. *See United States v. Sabo*, No. 1:10-CR-21, 2010 WL 4628242, at *1 (N.D. Ind. Nov. 8, 2010). If a party files a timely objection to the Magistrate Judge's report and recommendation, § 636(b)(1) provides that a district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, and/or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The judge also may receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The time for filing objections to the Report and Recommendation has passed, and no objections have been filed. Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

At the hearing, the Defendant testified regarding his understanding of the Plea Agreement and his belief that counsel had been ineffective during plea negotiations, specifically by failing to

accurately apprise the Defendant of the sentencing guidelines that would apply to his case. He also claims that the terms of the Plea Agreement that he signed regarding his sentence were not the originally offered terms and that his attorney failed to communicate that the terms were different than what the Defendant understood them to be. The Magistrate Judge found that at the time of the Defendant's plea negotiations, he was aware that proffering a statement to the Government might result in certain benefits, but he also understood that there was no actual agreement regarding such a proffer. The Defendant acknowledged that he had been given the opportunity to discuss the Plea Agreement with his attorney, and no other promises or assurances not contained within the Agreement had been made to him. The Magistrate Judge also advised the Defendant at the time of the change of plea hearing that the Court would be unable to determine the advisory sentencing guidelines for his case until after the completion of a presentence investigation report, and the Defendant indicated at that time that he understood this. Neither party has objected to this assessment or to the Magistrate Judge's characterization of the testimony or the plea colloquy. Accordingly, the Court adopts the Magistrate Judge's findings of fact regarding the Defendant's Plea Agreement.

Finding no clear error, the Court also adopts, in full, the Magistrate Judge's analysis of the law that is applicable to the withdrawal of a guilty plea, and the conclusion that the Defendant offered no fair and just reason for requesting the withdrawal. The Court adopts the Magistrate Judge's conclusions that the Defendant was competent to plead guilty at the time he entered into the Agreement, that the plea was knowingly and voluntarily made, and that the Defendant voluntarily waived his rights. The Court further adopts the Magistrate Judge's conclusion that the Defendant's misapprehension of the applicable sentencing guidelines did not constitute a fair and just reasons for the withdrawal of his plea.

Therefore, the Court adopts the Report and Recommendation to deny the Defendant's Motions to Withdraw Guilty Plea on the grounds of ineffective assistance of counsel.

**CONCLUSION**

As detailed above, the Court ADOPTS the Report and Recommendation [ECF No. 195], and DENIES the Motions to Withdraw Guilty Plea [ECF Nos. 160, 165] for the reasons set forth by the Magistrate Judge.

SO ORDERED on May 3, 2018.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT