UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARKELL PALMER-TATE *et al.*,<br><br>Defendants. | CAUSE NO. 1:16-cr-78(1) DRL |

OPINION AND ORDER

On November 18, 2016, Markell Palmer-Tate was charged with the superseding indictment's sole count of aiding and abetting an attempted bank robbery by force or violence involving kidnapping. 18 U.S.C. §§ 2, 2113(a), (d), (e). He pleaded guilty with a plea agreement. He was sentenced to 188 months in prison with 3 years of supervised release to follow. His appeal was dismissed on February 18, 2021. He filed for compassionate release, and his request was denied on May 14, 2021.

Mr. Palmer-Tate subsequently filed a one-page letter requesting "an extension to all [] appellate issues to include [a] 2255 and direct appeal" [ECF 383]. He explains that he has been denied "proper and adequate access to all available legal measures[,]" including access to a law library, typewriter, and access to the courts, and further alleges that officers at the prison have been throwing out his legal mail [*id.*] Accordingly, he requests an extension to file a 28 U.S.C. § 2255 petition.

First, Mr. Palmer-Tate's complaints would not seem to provide a basis for relief under § 2255. "[A]ny post-judgment motion in a criminal proceeding that fits the description of § 2255[(a)] is a motion under § 2255." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). A § 2255 petition is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In his letter, Mr. Palmer-Tate says his lack of access to the law library, the typewriter, and the courts is in "violation of the United States Constitution" [ECF 383]. Keeping in mind that courts have a special responsibility to construe a *pro se* petitioner's complaint or § 2255 petition liberally, *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)), the court cannot liberally construe Mr. Palmer-Tate's letter as a § 2255 petition. He may have claims under 42 U.S.C. § 1983 concerning his right to access and right to legal mail, but he must bring a separate civil action to pursue such claims. *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996); *Zimmerman v. Tribble*, 226 F.3d 568, 572-74 (7th Cir. 2000).

Second, under 28 U.S.C § 2255(f), a one-year statute of limitation applies to a § 2255 petition. The court "may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001); *see United States v. Brown*, 2020 U.S. Dist. LEXIS 139582, 6 (N.D. Ind. Aug. 5, 2020) (defendant's request for extension before § 2255 petition was premature); *United States v. Beach*, 2020 U.S. Dist. LEXIS 90308, 1 (N.D. Ind. May 22, 2020) ("Beach must file his § 2255 motion before this court would be able to determine: (1) whether any of the statutory exceptions to the limitations period applied, or (2) whether equitable tolling was warranted."); *United States v. Patterson*, 2018 U.S. Dist. LEXIS 37406, 1 (S.D. Ind. Mar. 7, 2018) ("§ 2255 itself provides no authority for the Court to grant a pre-motion extension of the one-year deadline for filing a § 2255 motion."); *Johnson v. United States*, 2008 U.S. Dist. LEXIS 75731, 10 (N.D. Ind. Sept. 30, 2008) (same). Accordingly, Mr. Palmer-Tate's extension request to file his § 2255 petition, when he has yet to file one, would need to be denied as premature.

3

Mr. Palmer-Tate also requests an extension for a direct appeal. This request is cursory, and it remains unclear exactly what he seeks. That is particularly true when he already has pursued a direct appeal. To the extent he seeks an extension to appeal to the United States Supreme Court, that time expired in 2021 and this court cannot extend that deadline.

For these reasons, the court DENIES Mr. Palmer-Tate's motion to extend his deadline to file a § 2255 petition or to pursue a direct appeal [ECF 383].

SO ORDERED.

April 5, 2023                                   *s/ Damon R. Leichty*
                                                Judge, United States District Court